IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Z-MODULAR HOLDING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| THE MODEL Z MODULAR, INC., SOLA | ) | |
| IMPACT, LLC, AND | ) | **JURY TRIAL DEMANDED** |
| SOLA RENTALS QOZB LLC | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Z-Modular Holding, Inc. ("Plaintiff" or "Z-Modular"), through its attorneys, bring this Complaint against Defendants, The Model Z Modular, LLC, Sola Impact, LLC, and Sola Rentals QOZB, LLC ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     Z-Modular brings this action for, *inter alia*, trademark infringement and unfair competition pursuant to 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") against Defendants for their intentional and willful infringement of the Z MODULAR Mark (defined below), and seeks injunctive relief, damages, and profits resulting from such infringement and unfair competition.

## THE PARTIES

2.     Plaintiff Z-Modular is a corporation organized under the laws of the State of Delaware with a principal place of business at 191 N Wacker Drive, Suite 2100, Chicago, IL 60606.

3.     Defendant The Model Z Modular, Inc. ("MZM") is a corporation organized under the laws of the State of Delaware with a principal place of business currently unknown to Z-Modular. The Delaware Secretary of State's Division of Corporation's online entity search database identifies MZM's registered agent as National Registered Agents, Inc. having an address at 1209 Orange

Street, Wilmington, DE 19801.

4.      Defendant Sola Impact, LLC ("SI") is a limited liability company organized under the laws of the State of Delaware with a principal place of business currently unknown to Z-Modular. The Delaware Secretary of State's Division of Corporation's online entity search database identifies SIs registered agent as National Registered Agents, Inc. having an address at 1209 Orange Street, Wilmington, DE 19801.

5.      Defendant Sola Rentals QOZB LLC ("SR") is a limited liability company organized under the laws of the State of Delaware with a principal place of business currently unknown to Z-Modular.  The Delaware Secretary of State's Division of Corporation's online entity search database identifies SR's registered agent as National Registered Agents, Inc. having an address at 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

6.      This claim arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.*, particularly under 15 U.S.C. § 1125(a)(1).  This Court has subject matter jurisdiction over the claims in this action, which relate to trademark infringement and unfair competition, pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Plaintiff is a Delaware corporation and Defendants are Delaware companies and a corporation that all reside in the state of Delaware.

## BACKGROUND

### The Z MODULAR Mark

8.      Z-Modular is the owner of all right, title, and interest to, *inter alia*, the Z MODULAR trademark and its related application in the U.S. Patent and Trademark Office, U.S. Ser. No.

99/226,624, including all common law rights and related goodwill associated therewith (the "Z MODULAR Mark").

9.      Z-Modular has extensively and continuously used, advertised, promoted, marketed, and otherwise publicized the Z MODULAR Mark, since at least as early as December, 2016, in connection with the following services: construction of modular residential and commercial buildings; consulting in the field of residential and commercial building construction; construction project management services; construction services consisting of planning and laying out of the construction of residential and commercial buildings; custom fabrication of metal modular and commercial building components; design and engineering of modular residential and commercial buildings; and other related services (collectively, "the Z-Modular Services").

10.     Z-Modular has invested substantial money and effort to develop goodwill in the Z MODULAR Mark, to cause consumers and the trade to recognize it as distinctly designating Z-Modular's high-quality goods and services originating with and from Z-Modular.

11.     The value associated with the Z MODULAR Mark through Z-Modular's efforts has become a substantial asset to Z-Modular's business.

**Z-Modular's Business under the Z MODULAR Mark**

12.     Z-Modular is a leading designer, manufacturer and supplier of a wide variety of products and services in the modular construction industry.  Additionally, Z-Modular provides a wide array of services in related property acquisition and development, architectural design, and property management.  Z-Modular has been providing these services under the Z MODULAR Mark since December 2016 and has spent hundreds of thousands of dollars in the advertising and marketing of the Z-Modular Services.

13.     Z-Modular provides its Z-Modular Services across the United States, has offices in

Chicago, Illinois, and Troy, Michigan, and has manufacturing facilities in Chandler, Arizona, and Killeen, Texas, .Additionally, Z-Modular has provided and solicited goods and services under the Z-Modular mark in California, Arizona, Texas, Tennessee, and continues to grow throughout the United States. Z-Modular also has employees throughout the US.

14.    Z-Modular's Services are advertised extensively under the Z MODULAR Mark as seen on its website located at www.z-modular.com (a representative example of which is shown in **Exhibit A**).

**Defendants' Infringing Activities**

15.    Upon information and belief, Defendants provide goods and services identical, or closely related, to the Z-Modular Services using the terms MODEL Z, MODEL Z MODULAR, and/or MODEL/Z terms (the "MODEL Z Terms"). In that regard, Defendants use the MODEL Z Terms on its website located at www.model-z.com and is referred to using the MODEL Z Terms by third parties. See **Exhibit B**.

16.    Z-Modular is aware of one instance of actual confusion caused by Defendants' use of the MODEL Z Terms. Mail has been misdelivered to Z-Modular that was, apparently, intended for Defendant MZM based upon the confusing similarity between the Z MODULAR Mark and the MODEL Z Terms. See **Exhibit C**.

17.    Z-Modular attempted to contact Defendants to notify them of the infringement of the Z MODULAR Mark (and the actual confusion being caused being caused thereby) through the use of the MODEL Z Terms in the hope of resolving the matter without judicial intervention. This was accomplished by an initial letter sent by Certified Mail and multiple emails to Martin Muoto, believed to be the principal of one, or all, of the Defendants. See **Exhibit D**. There has been no response from any of the Defendants to this letter. Applicant's undersigned attorney then followed

up with multiple calls to Mr. Muoto, none of which were returned.

## COUNT I

## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### (15 U.S.C. § 1125(a))

18.    Z-Modular repeats and re-alleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

19.    The Z MODULAR Mark is distinctive and associated in the mind of consumers and the trade with Z-Modular.

20.    Based on Z-Modular's extensive advertising and sales, and the wide popularity of Z-Modular's goods and services, the Z MODULAR Mark has acquired secondary meaning so that any good or service bearing such trademark is immediately associated by consumers and the trade as being a good or service of Z-Modular.

21.    Upon information and belief, Defendants use or the MODEL Z Terms in connection with goods similar to or identical to the Z-Modular Services.

22.    Upon information and belief, Defendants adopted and are using the MODEL Z Terms with the willful intent to trade on Z-Modular's reputation and goodwill established in the Z MODULAR Mark.

23.    Defendants have used the MODEL Z Terms without Z-Modular's consent or authorization.

24.    Defendants' use of the MODEL Z Terms is likely to cause confusion and mistake (and has caused such confusion) in the minds of consumers and the trade, leading them to believe that Defendants' goods and services emanate or originate from Z-Modular, or that Z-Modular has approved, sponsored, or otherwise associated itself with Defendants, which is untrue.

25.    Defendants' conduct is intended to and does exploit the goodwill and reputation

associated with Z-Modular's Z MODULAR Mark.

26.     Z-Modular has no control over the quality of Defendants' goods and services.

27.     Because of the actual confusion that has actually occurred, and continues to occur, as a result of Defendants' actions, Z-Modular has suffered, and continues to suffer, irreparable harm to its reputation among relevant consumers for the Z-Modular Services.

28.     Defendants' unauthorized use of the MODEL Z Terms as set forth above has resulted in Defendants unfairly benefiting from Z-Modular's advertising and promotion, and profiting from Z-Modular's reputation in the Z MODULAR Mark to the substantial and irreparable injury of Z-Modular.

29.     Defendants' aforesaid acts constitute trademark infringement in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

30.     Defendants' acts have caused, and will continue to cause, great and irreparable injury to Z-Modular, and unless such acts are restrained by this Court, they will continue, thereby causing Z-Modular to continue to suffer great and irreparable injury.

31.     Upon information and belief, Defendants have obtained gains, profits, and advantages as a result of their wrongful acts.

32.      Z-Modular has no adequate remedy at law and is suffering damage as a result of the aforesaid acts of Defendants.

33.     By reason of the foregoing, in addition to injunctive relief, Z-Modular is entitled to an award of compensatory damages and treble damages, Defendants' profits, costs and attorneys' fees.

34.     Defendants' actions have been and continue to be willful, thereby making this an exceptional case pursuant to 15 U.S.C. § 1117(a).

35.     Z-Modular has no adequate remedy at law and is suffering irreparable harm because

the Z MODULAR Mark is unique and represents to consumers and the trade Z-Modular's reputation and goodwill such that damages alone cannot fully compensate Z-Modular for Defendants' misconduct.

36.    Unless enjoined by this Court, Defendant will continue its infringing actions in violation of 15 U.S.C. § 1125(a), with resulting damage to Z-Modular and its extensive business and goodwill symbolized by the Z MODULAR Mark, leaving Z-Modular with no adequate remedy for such injury at law.

37.    Pursuant to Pursuant to 15 U.S.C. § 1116, Z-Modular is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendant, its officers, agents, and employees from using the MODEL Z Terms or other designations confusingly similar to the Z MODULAR Mark.

38.    No previous injunctive relief has been sought and thus awarded with respect to this matter in this case or any other case between the parties hereto.

### PRAYER FOR RELIEF

**WHEREFORE**, Z-Modular demands a trial by jury pursuant to Fed. R. Civ. P. 38(b) on all claims so triable, and respectfully requests judgment against Defendants as follows:

A.    That a preliminary and permanent injunction be issued enjoining and restraining Defendants, their officers, directors, shareholders, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

    i.    Referring to or using the MODEL Z Terms on their websites or any marketing material, or offering any goods or services using the MODEL Z Terms;

    ii.    Using in any manner the MODEL Z Terms or other designation that is confusingly similar to or a colorable imitation of the Z MODULAR Mark;

iii.   Using in any manner any trademark, service mark, words, abbreviations, designs, arrangements, or other combinations thereof that would imitate, or resemble, the Z MODULAR Mark;

iv.   Using any reproduction, counterfeit, copy, or colorable imitation of the Z MODULAR Mark to identify the rendering of any goods and services not authorized by Z-Modular;

v.   Engaging in any course of conduct likely to cause confusion, deception or mistake, or to further injure Z-Modular's business reputation and/or the goodwill associated with the Z MODULAR Mark;

vi.   Otherwise infringing the Z MODULAR Mark;

vii.   Otherwise diluting the Z MODULAR Mark; and

viii.   Otherwise competing unfairly with Z-Modular in any manner.

B.   Directing that Defendants, pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, file with the Court and serve on Z-Modular within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction.

C.   Directing such other relief as the Court may deem appropriate to prevent consumers and the trade from deriving any erroneous impression that any goods and services offered, sold, or otherwise promoted by Defendants are authorized by Z-Modular or related in any way to Z-Modular's goods and services.

D.   Requiring Defendants to pay to Z-Modular such damages as Z-Modular has sustained as a consequence of Defendants' infringement of the Z MODULAR Mark and unfair competition and to account for all gains, profits, and advantages derived by Defendants from the sale of

their infringing goods and services bearing the Z MODULAR Mark, and that the award to Z-Modular be trebled as provided for under 15 U.S.C. § 1117.

E.      Ordering that Z-Modular recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

F.      Ordering that Defendants deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements, in the possession, custody, or under the control of Defendants, bearing the Z MODULAR Terms or any other designation that is confusingly similar to or a colorable imitation of the Z MODULAR Mark in accordance with 15 U.S.C. § 1118.

G.      Directing that this Court retain jurisdiction of this action for the purpose of enabling Z-Modular to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

H.      Awarding to Z-Modular such other and further relief as the Court may deem just and proper.

BAKER & HOSTETLER LLP

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4222
jjlyons@bakerlaw.com

John M. Mueller (*pro hac vice* to be filed)
312 Walnut Street, Suite 3200
Cincinnati, OH 45202
(513) 929-3413
jmueller@bakerlaw.com

Dated: November 20, 2025

*Attorneys for Z-Modular Holding, Inc.*

9